**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURT WILSON, | No. 10-17008 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01283-LRH-LRL |
| v. | |
| LIZ AYERS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Curt Wilson appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging due process and equal protection violations

arising from the denial of his workers' compensation claim. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Romano v. Bible*, 169 F.3d 1182,

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1185 (9th Cir. 1999). We affirm.

The district court properly dismissed Wilson's claims against defendant Richins, a Nevada Department of Administration Appeals Officer, in her official and individual capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official capacity); *Romano*, 169 F.3d at 1186 (absolute immunity extends to state officials, including those sued in their individual capacity, "when they preside over hearings . . . or otherwise perform functions analogous to judges").

The district court properly dismissed Wilson's due process claims because Wilson failed to allege facts sufficient to show that defendants acted in a "conscience shocking" manner, or that Wilson did not receive an adequate opportunity to be heard. *See Brittain v. Hansen*, 451 F.3d 982, 998 (9th Cir. 2006) ("It is not conscience shocking that an officer would act in a non-identical fashion in cases presenting similar (though not identical) factual circumstances."); *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (procedural due process claim requires showing a lack of notice and an opportunity to be heard).

The district court properly dismissed Wilson's equal protection claim because Wilson failed to allege facts sufficient to support his claim. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (equal

protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent"); *see also Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1948, 1951-52, 1954 (2009) (for purposeful discrimination, a plaintiff must plead sufficient facts to give rise to a plausible inference that a decisionmaker undertook a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group).

Wilson's remaining contentions, including those regarding the rebuttable presumption in Nevada Revised Statutes § 617.453(5), are unpersuasive.

**AFFIRMED.**